IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 1, *et al.*, | : : : | Case No. 2:12 cv 562 |
| | : | JUDGE GEORGE C. SMITH |
| Plaintiffs | : : | Magistrate Judge Mark R. Abel |
| vs. | : : | |
| | : | **PLAINTIFFS' NOTICE OF RELATED** |
| JON HUSTED, *et al.*, | : | **CASES PURSUANT TO LOCAL** |
| | : | **CIVIL RULE 3.1(B)** |
| Defendants. | : : : : | |

To the Court, all parties in this matter, and their respective attorneys of record:

Please take notice that the following two previously-filed cases in this District are related to the instant case for purposes of Local Civil Rule 3.1(b):

1. *NEOCH v. Husted*, filed in the United States District Court for the Southern District of Ohio, Eastern Division, Case No. 2:06-CV-896 (Marbley, J.); and

2. *Hunter v. Hamilton County Board of Elections*, filed in the United States District Court for the Southern District of Ohio, Western Division, Case No. 1:10-CV-820 (Dlott, J.).

<u>*NEOCH v. Husted*</u>.  The instant case is related to *NEOCH v. Husted* because the cases call for the determination of substantially identical issues of law and fact with respect to the constitutionality of Ohio's provisional ballot counting laws, Ohio Rev. Code §3505.183(B)(4)(ii) and (iii), as interpreted by the Ohio Supreme Court in *State ex rel. Painter v. Brunner*, 128 Ohio

1

St.3d 17 (2011).  Not only is this case related to *NEOCH v. Husted*, but if the cases are not coordinated, that will result in substantial duplication of effort by the parties and Court.

In this case, Plaintiffs contend the strict provisional ballot disqualification rule in Ohio Rev. Code §3505.183(B)(4)(ii) and (iii), under which Ohio Boards of Elections are required to reject all provisional ballots cast in the wrong precinct or with technical ballot affirmation errors, without regard to whether poll workers caused the error, imposes an impermissibly severe, arbitrary, and unequal burden on the fundamental right to vote, in violation of the Equal Protection and Due Process Clauses of Fourteenth Amendment to the United States Constitution. Plaintiffs ask the Court for preliminary injunctive relief with respect to the upcoming 2012 general election requiring the counting of votes affected by poll worker error, in order to ensure that all Ohio provisional voters are protected from arbitrary and unconstitutional disenfranchisement as a result of poll worker error.

The same constitutional issue is currently pending before Judge Marbley in *NEOCH v. Husted* in the context of the parties' competing requests to either terminate or modify an April 2010 consent decree that protects a distinct category of provisional voters – those who use their Social Security numbers as identification for voting purposes – from unconstitutional disenfranchisement caused by poll worker error.  The constitutional issue is presented by the *NEOCH* Defendants' request that the Court terminate the existing consent decree that requires the Ohio Secretary of State instruct county boards of elections to count provisional ballots cast in wrong precincts or in incomplete provisional ballot envelopes for reasons attributable to poll worker error.  Under the standards imposed by the Supreme Court, in resolving Defendants' request, the Court must consider whether termination of the consent decree will result in constitutional violations.  *See*, *e.g.*, *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367 (1992);

2

*Cleveland Firefighters for Fair Hiring Practices v. City of Cleveland*, 669 F.3d 737, 742 (6th Cir. 2012) (remanding for trial court to resolve together the constitutional issues raised by termination or expansion of consent decree).  Additionally, the constitutional issue is presented in *NEOCH v. Husted* by the Plaintiffs' request that the Court strengthen the consent decree in light of substantial statewide evidence from recent Ohio elections that additional protections are necessary to ensure that voters who use Social Security numbers as identification will not be disenfranchised unconstitutionally as a result of poll worker error.  The *NEOCH* Plaintiffs' motion to modify the consent decree relies on much of the same evidence upon which Plaintiffs in this case rely, namely evidence from throughout Ohio that poll worker error results in voters casting ballots in the wrong precincts and with technical deficiencies in their ballot deficiencies.

    The constitutional challenge in this case, and the constitutional issue faced by the Court when considering competing requests to terminate or modify the consent decree in the *NEOCH* case thus share the same legal and evidentiary issues.

    Additionally, Plaintiffs in the *NEOCH* case have requested the Court modify the consent decree to provide the same injunctive relief with respect to the voters covered by that Decree as Plaintiffs in the instant case request for *all* Ohio provisional voters in their motion for a preliminary injunction.  In addition to the interests of efficiency, judicial economy, and avoiding competing court orders, the nature of both cases, concerning alleged constitutional violations of the right to vote caused by the same aspect of the Ohio provisional ballot laws, as well as the proximity of the upcoming election, weighs heavily in favor of relating and resolving these cases together.

Defendants' request to terminate the Decree in NEOCH is scheduled for hearing on June 27, 2012. The interests of judicial economy will be best served by relating these cases before that date, so as to not foreclose the opportunity to efficiently hear these matters together.

*Hunter v. Hamilton County Board of Elections.* Plaintiffs also provide notice that this case is related to *Hunter v. Hamilton County Board of Elections*, a case recently resolved by Chief Judge Dlott by way of judgment following a trial on Plaintiffs' request for a permanent injunction. *Hunter v. Hamilton County Board of Elections*, 2012 WL 404786 (S.D. Ohio Feb. 8, 2012). That decision is currently on appeal to the Sixth Circuit.

*Hunter* arose in the specific context of a contested election in Ohio's Hamilton County, and involved the effect of poll worker error in that election. The Court in *Hunter* addressed the significant constitutional questions raised by the county board of elections' rejection of provisional ballots cast incorrectly as a result of poll worker error. Both Chief Judge Dlott and the Sixth Circuit in the context of the *Hunter* case have addressed the substantive due process and equal protection concerns raised by Ohio's system of rejecting provisional ballots for reasons attributable to poll worker error. *Hunter*, 2012 WL 404786 at *43, 46; *see also Hunter v. Hamilton County Board. of Elections*, 635 F.3d 219, 243 (6th Cir. 2011). In resolving plaintiff Hunter's as-applied challenge to Ohio voting laws, Chief Judge Dlott observed that Ohio's provisional voting system as a whole, which "delegates to poll workers the duty to ensure that voters are directed to the correct precinct but which provides that provisional ballots cast in the wrong precinct shall not be counted under any circumstances, even where the ballot is miscast due to poll-worker error, is fundamentally unfair and abrogates the Fourteenth Amendment's guarantee of due process of law" — one of the constitutional claims that Plaintiffs bring here. *Hunter*, 2012 WL 404786, at *46 (emphasis added); *see also Hunter v. Hamilton County Board*

4

*of Elections*, 635 F.3d 219, 243 (6th Cir. 2010) ("To disenfranchise citizens whose only error was relying on poll worker instructions" imposes a "harsh" penalty that raises "substantial constitutional concerns."). Chief Judge Dlott concluded in *Hunter* that the Court lacked jurisdiction to order a remedy in light of the plaintiffs' failure to notify the Ohio Attorney General of a challenge to the constitutionality of a state statute pursuant to Federal Rule of Procedure 5. Although that case is currently on appeal, the issues substantially overlap with the instant case, and it is clear that during the course of *Hunter's* twelve-day permanent injunction hearing, the Court became very familiar with the application of Ohio provisional voting laws. Therefore, in the event the instant case is not related to *NEOCH v. Husted* and the competing requests to vacate and modify the consent decree in that case, it would serve the interests of judicial efficiency to relate this matter to *Hunter*.

For all of these reasons, Plaintiffs believe the current case is related for purposes of Local Rule 3.1(b) to the previously-filed *NEOCH* and *Hunter* cases. Plaintiffs respectfully request resolution of this issue prior to the June 27, 2012 hearing in NEOCH, so as to not foreclose the opportunity to efficiently consider these overlapping matters together.

Dated: June 22, 2012             Respectfully submitted,

/s/Michael J. Hunter
MICHAEL J. HUNTER, *trial attorney* (0018756)
CATHRINE J. HARSHMAN (0079373)
Hunter, Carnahan, Shoub, Byard & Harshman
3360 Tremont Road, Suite 230
Columbus, Ohio 43221
Telephone: (614) 442-5626
E-mail: mhunter@hcands.com

*Attorneys for All Plaintiffs*

STEPHEN P. BERZON (*pro hac vice* application pending)
STACEY M. LEYTON (*pro hac vice* application pending)

5

BARBARA J. CHISHOLM (*pro hac vice* application pending)
DANIELLE LEONARD (*pro hac vice* application pending)
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
E-mail: sberzon@altshulerberzon.com

*Attorneys for Plaintiffs SEIU Local 1, USW, UAW Local 1005, and UAW Local 863*

PENDA HAIR (*pro hac vice* application pending)
DONITA JUDGE (*pro hac vice* application pending)
UZOMA NKWONTA (*pro hac vice* application pending)
Advancement Project
1220 L Street, N.W., Suite 850
Washington, D.C.  20005
Telephone: (202) 728-9557
E-mail: phair@advancementproject.org

*Attorneys for Plaintiff OOC*