IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 1, *et al.*, | : : : : | Case No. 2:12-CV-562 |
| Plaintiffs, | : : | |
| v. | : : | JUDGE ALGENON L. MARBLEY |
| JON HUSTED, *et al.*, | : : : | Magistrate Terence P. Kemp |
| Defendants. | : : : | |
| THE NORTHEAST OHIO COALITION FOR THE HOMELESS, *et al.*, | : : : | Case No. 2:06-CV-896 |
| Plaintiffs, | : : | |
| v. | : : | JUDGE ALGENON L. MARBLEY |
| JON HUSTED, in his official capacity as Secretary of the State of Ohio, | : : : | Magistrate Judge Terence Kemp |
| Defendant. | : : | |
| and | : : | |
| STATE OF OHIO | : : : | |
| Intervenor-Defendant | : | |

**<u>ORDER</u>**

These are two related actions in this Court: *Service Employees' International Union, Local 1, et. al. v. Husted, et. al.*, Case No. 2:12-cv-562 ("the *SEIU* case") and *The Northeast Ohio Coalition for the Homeless, et. al. v. Husted & State of Ohio*, Case No. 2:06-cv-896 ("the *NEOCH* case").

This matter is before the Court on *SEIU Local 1* Plaintiffs' Motion for Partial Summary Judgment (*SEIU* Doc. 107) (the "Motion").  The Court previously scheduled a hearing for July 12, 2013 on this Motion.  The Motion seeks to make permanent the Preliminary Injunction (*SEIU* Doc. 67) issued by the Court on August 27, 2012, insofar as it pertains to provisional ballots cast in the correct polling location but incorrect precinct.  In Defendants' Response, they consented to the relief sought by Plaintiffs.  With regard to the Motion *sub judice*, the only dispute between the parties is to what extent the Court should explain its decision to order the permanent injunction.  While the parties may stipulate to the entry of a permanent injunction, they may not draft the Opinions and Orders of this Court.

## A. Plaintiffs' Motion for a Permanent Injunction

The legal and evidentiary bases have been discussed at length in this Court's Opinion & Order granting the Preliminary Injunction, and the Sixth Circuit's subsequent decisions affirming this Court's Preliminary Injunction, *Serv. Employees Int'l Union, Local 1 v. Husted*, 887 F. Supp. 2d 761 (S.D. Ohio 2012*), aff'd in part, rev'd in part sub nom. Ne. Ohio Coal. for Homeless v. Husted*, 696 F.3d 580 (6th Cir. 2012) and *aff'd*, 12-4079, 2013 WL 628527 (6th Cir. Feb. 20, 2013).  Hence, the Court finds it necessary only to summarize the rationale of those decisions.

On August 27, 2012, this Court granted Plaintiffs' a Preliminary Injunction (Doc. 67) which prohibited Defendants from disqualifying provisional ballots cast in the correct polling place but incorrect precinct.  The Sixth Circuit affirmed this Court's Preliminary Injunction.  It held, in relevant part, that "the summary rejection of poll-worker-induced right-place/wrong-precinct ballots" is both a likely equal protection violation and a likely due process violation. *Ne. Ohio Coal. for Homeless v. Husted*, 696 F.3d 580, 593-99 (6th Cir. 2012).  The Sixth Circuit also held that prior to the entry of the Preliminary Injunction (Doc. 67), Defendants' treatment of

provisional ballots had been a "substantial burden" on the right to vote, not to mention "fundamentally unfair." *Id*. at 597. "As a result, poll-worker error causes thousands of qualified voters to cast wrong-precinct ballots from the correct polling locations." *Id*.

To prevent such disenfranchisement in the future, the parties have both moved, albeit separately, for this Court to transform the Preliminary Injunction into a Permanent Injunction with regard to "poll-worker-induced right-place/wrong-precinct ballots." For the foregoing reasons, the parties' request is **GRANTED**. The Court hereby **ORDERS**:

The State of Ohio, the Ohio Secretary of State and his County Boards of Elections may not reject any provisional ballot cast by a lawfully-registered voter in the correction polling location in any election because the voter cast his or her provisional ballot in the wrong precinct, unless the poll worker who processed the voter's provisional ballot has:

(a) determined the correct precinct for the voter;

b) directed the voter to the correct precinct;

(c) informed the voter that casting the wrong-precinct ballot would result in all votes on the ballot being rejected under Ohio law; and

(d) the voter refused to travel to the correct precinct and insisted on voting the invalid ballot;

*and* the Board of Elections has verified that the precinct to which the poll worker directed the voter was the correct precinct for that voter. If the County Board of Elections cannot verify that the poll worker directed the voter to the correct precinct, the votes cast on the provisional ballot must be counted in all races and for all issues for which the voter would have been eligible to vote if he/she had cast the ballot in the correct precinct.

Since this Court has now ordered the Permanent Injunction sought by Plaintiffs, the issue is moot, rendering as superfluous the July 12, 2013 oral argument on the Motion. The Court, therefore, **VACATES** its previous Order of July 3, 2013 (Doc. 109) and **VACATES** the oral argument in the *SEIU* case. This Order does not affect the oral argument set in the *NEOCH* case, which will go forward as planned. (*NEOCH* Doc. 368, 374).

### B. Issues Raised by Defendants in Response

In Defendants' Response to the Motion, as well as stipulating to the entry of a Permanent Injunction, Defendants also ask the Court to order Plaintiffs to inform the Court prior to July 12, 2013 whether they plan to litigate the remaining issues in this case. At least one of the remaining issues, the constitutionality of Ohio's law requiring disqualification of poll-worker-induced wrong-location/wrong-precinct ballots, is pending on appeal before the Sixth Circuit. The parties are also working to mediate the issue in the Sixth Circuit. It would be premature of this Court to issue an Order which would affect ongoing proceedings in the Sixth Circuit. Thus, Defendants' request for the Court to order Plaintiffs to inform the Court prior to July 12, 2013 whether they plan to litigate the remaining issues in this case is **DENIED**. Once the Sixth Circuit issues its decision on the appeal, this Court will proceed in a manner consistent with the decision of the Sixth Circuit.

**IT IS SO ORDERED.**

    <u>s/Algenon L. Marbley</u>
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: July 9, 2013**